HERBERT H. TOBEY, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, RESPONDENT.

Argued January 20, 1948—Decided February 13, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Heller & Laiks* (*Aaron Heller*).

For the respondent, *Thomas E. Duffy*.

The opinion of the court was delivered by

BODINE, J. The prosecutor seeks a writ of *certiorari* to review an ordinance of the City of Passaic and also seeks an alternative or peremptory writ of *mandamus* to compel the granting of his application for permission to operate five additional taxicabs from a stand near the Erie Railroad station in that city.

The application, in the first instance, was made to Mr. Justice Heher and was denied by him and was then renewed, on due notice, before the court *en banc*.

The Home Rule Act, *R. S.* 40:52–1, confers upon the governing body of any municipality power to make and enforce ordinances with respect to vehicles used in the transportation of passengers.

The Motor Vehicle Act, *R. S.* 39:4–197, confers municipal power to regulate public hacks and designation of hack stands and auto bus stops or stations.

The Public Utility Act, *R. S.* 48:16–2, provides that no auto cab shall be operated without the consent of the elective governing body or member thereof having control of the public streets in any municipality.

In the licensing of taxicabs, the City of Passaic passed' an ordinance on November 13th, 1945, which, in part, provides as follows:

"Section four. The City Clerk upon receipt of such application shall refer the same to the Director of the Department of Public Safety for investigation and report and it shall be the duty of said Director to make a diligent investigation of said application and report thereon in writing as soon as possible. The City Clerk upon receipt of such report from said Director shall present said application and report to the Board of Commissioners who shall have the power to grant or refuse all licenses. * * * The taxicab license shall only be operated from the particular taxi stand approved in the granting of such license by the Board of Commissioners of the City of Passaic."

Complaint is made that a taxicab license may only be operated from the particular taxicab stand approved in the license. Fault is found that there are no standards, rules or regulations which will create uniformity in applications for a license.

It is argued that the ordinance is unconstitutional in that it lays down no standard or norm and that it is as bad as the ordinance was in *Lipkin* v. *Duffy,* 119 *N. J. L.* 366, and *Phillips* v. *East Paterson,* 134 *Id.* 161; *affirmed,* 135 *Id.* 203. We think not. The licensing of taxicabs and the control thereof, as we have seen, is vested in the governing body of the municipality. That taxicabs require municipal regulation is obvious because of the legislative action and because the

operation of a cab is charged with a public duty. The public convenience can only be served by placing stands at strategic points in the municipality and in such manner as to prevent overcrowding.

The prosecutor seeks to substitute his desires for the considered action of the body charged with a municipal duty. The municipality shows that an overcrowding of the taxi stands at the Erie station would create a fire hazard and undue interference with traffic on through highways.

There seems nothing unreasonable in the action taken by the municipality and the ordinance seems above reproach.

The application for *certiorari* will be denied with costs, and the application for *mandamus* will be dismissed with costs.